IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| N.A., a minor who sues by and through Janet Ainsworth, his mother and next friend, and JANET AINSWORTH,     Plaintiff, | * * * * * * |
| v. | * Civil Case No.: 2:05cv740-DRB * |
| DEPUTY CHRIS INABINETT, in his individual capacity, and SHERIFF ANTHONY CLARK, in his individual capacity,     Defendants. | * * * * * |

**RESPONSE TO MOTION TO DISMISS**

COME NOW Plaintiffs, in the above styled cause, by and through their counsel of record, and respond to the defendant Deputy Chris Inabinett and the defendant Sheriff Anthony Clark's motion to dismiss as follows:

**STATEMENT OF FACTS**

N.A., a sixteen-year-old male child, has a diagnosed history of mental illness and instability which is largely controlled by medication. (Complaint ¶ 9). It is believed that N.A.'s mental illness is well known to the Sheriff's Department of Covington County. (Complaint ¶ 10). On July 13, 2005, N.A. wrapped a belt around his neck and attempted suicide. (Complaint ¶ 11). N.A.'s mother, Janet, intervened then called Covington County emergency services. (Complaint ¶13). The emergency operator dispatched assistance and remained on the telephone until an officer arrived. (Complaint ¶ 15). That officer was David Anderson, an officer with the Red Level, Alabama, police department. (Complaint ¶ 16). Anderson attempted to calm N.A. and was making some headway

when Deputy Chris Inabinett arrived. (Complaint ¶ 19). For no known reason, Deputy Inabinett roughly shoved Janet aside causing bodily harm.(Complaint ¶ 23). "Inabinett rushed into N.A.'s room, pushed past Anderson, and leaped onto N.A.'s bed." (Complaint ¶ 24). "Inabinett began beating N.A. with his fists, pummeling him on his hands, arms, back, neck, and head, causing bruises and contusions." (Complaint ¶ 25). When Deputy Inabinett tired of beating N.A. he shot N.A. with his taser at point blank range. (Complaint ¶ 29). "The two probes fired by a Taser weapon are designed to contact the clothing of a victim and carry an electrical charge to the skin over a pathway of ionized air. In this case, N.A.'s skin was punctured by the probes, and at least one of the puncture wounds later became seriously infected." (Complaint ¶ 30). "N.A. was immobilized by the five-second charge and subjected to unbearable pain." (Complaint ¶ 31). N.A. was arrested by Deputy Inabinett for resisting arrest and interfering with governmental operations. (Complaint ¶ 34).

## LEGAL ARGUMENT

### I.  ARGUMENT- RULE 12(b)(6) MOTION TO DISMISS STANDARD OF REVIEW

A Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of the complaint. "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations set forth in the complaint." *Gilmore v. Day*, 125 F. Supp. 2d 468, 471 (M.D. Ala. 2000) (citing to *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). In evaluating a motion to dismiss, the court "must accept the facts pleaded as true and construe them in a light favorable to plaintiffs." *Quality Foods De Centro America, S.A. v. Latin...*, 711 F. 2d 989, 994-995 (11th Cir. 1983). "[T]he

threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." *Id.* at 995.

## II. Whether these government officials sued in their individual capacities under 42 U.S.C. §1983 are entitled to qualified immunity.

The doctrine of qualified immunity protects public officials from monetary liability when their conduct does not violate "clearly established" law. To overcome the defense of qualified immunity – to demonstrate that the law is "clearly established"– a plaintiff must show that the public official had fair warning of what the law required. One way to demonstrate "fair warning" is by pointing out a prior case with similar facts, but that is not the only way. *See, e.g., United States v. Lanier*, 520 U.S. 259, 271 (1997)(recognizing that a general constitutional rule may apply with "obvious clarity to the specific conduct in question," even though the challenged conduct has not previously been held unlawful); *see also, Hope v. Pelzer*, 122 S.Ct. 2508 (2002). The 11th Circuit has specifically defined the defense of qualified immunity. To determine whether an officer is entitled to qualified immunity, court's engage in a two-step analysis: first, they decide whether defendants' acts violated the Constitution; second, they ask whether, at the time of the incident, every objectively reasonable police officer would have realized the acts violated already clearly established federal law. *Garrett v. Athens-Clarke County*, 378 F.3d 1274 (11th 2004).

In the present case, a deputy is using force to effectuate an arrest. Such an act is clearly within the discretionary authority of a deputy sheriff. It is alleged that Deputy Inabinett used increasing force to arrest a citizen who had not committed a crime. In fact, the deputy was called to the scene in what is commonly referred to as "welfare assistance" call.

At no time is it alleged that N.A. committed a crime. In fact, Deputy Inabinett's purpose at the Ainsworth house that afternoon was to assist in the safety and protection of N.A. Ironically, Deputy Inabinett's presence most likely caused N.A. more harm and placed N.A. in a more dangerous position than existed prior to Deputy Inabinett's arrival. After the beating and tazering incident, Deputy Inabinett would fabricate a charge of resisting arrest and interference with a governmental operation.[1]

It is understood that some force in effecting an arrest is allowed, determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. *Vinyard v. Wilson*, 311 F.3d 1340 (11th 2002). Again, in the case at bar, there is no crime giving rise to the effectuation of arrest. Under the circumstances, any use of force may be construed as excessive.

The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest. *Lee*, 284 F.3d at 1197 (citing *Graham v. Connor*, 490 U.S. 386, 394-95 (1989)). All claims that law enforcement officers have used excessive force in the course of an arrest, investigatory top, or other "seizure" of a free citizen are analyzed under the Fourth Amendment's reasonableness standard. *See, e.g., Graham v. Connor,* 490 U.S. 385, 395 (1989).

The Eleventh Circuit Court of Appeals has interpreted the Supreme Court's language in *Graham* as requiring the balancing of three factors in determining whether the force applied was reasonable. *Draper v. Reynolds,* 369 F.3d 1270, 1277-78 (11th Cir.2004). These factors are the need

---

[1] It is believed that N.A. still faces pending criminal charges related to the incident.

for the application of force, the relationship between the need and amount of force used, and the extent of the injury inflicted. *Id.* The application of *de minimus* force, without more, will not violate the Fourth Amendment's prohibition against the use of excessive force. See, e.g., *Nolin v. Isbell*, 207 F.3d 1253, 1257 (11th Cir.2000).

Viewing the facts alleged in the Complaint in the light most favorable to the Plaintiff, all the *Graham* factors weigh in favor of Plaintiff. Simply put, there was no governmental interest at stake. There was no harm or threat to the safety and welfare of the officers. There was no harm or threat of harm to others. The gravity of the situation did not necessitate the use of force.

As the facts relate to Janet Ainsworth, there was no reason or cause for Deputy Inabinett's conduct. Janet Ainsworth was not suspected of committing a crime. There is no allegation that she interfered with Deputy Inabinett and no reasonable explanation is attributable to Deputy Inabinett's conduct.

For the foregoing reasons, Plaintiff respectfully requests that the defendants' Motion to Dismiss be denied on the basis of entitlement to qualified immunity and for all such further relief, both general and specific, to which they may be entitled under the premises.

### III. Claims against the Sheriff

The plaintiffs cannot provide specific enough information relevant to the hiring, supervision, training of Deputy Inabinett by the Sheriff Anthony Clark. To this end Plaintiffs concede the issue. However, Plaintiffs seek to reserve their right to amend the complaint re-adding Sheriff Clark should discovery reveal that Sheriff Clark negligently or willfully trained, supervised or maintained the employment of Deputy Inabinett.

## CONCLUSION

Plaintiffs state the defendants' claims to dismiss their § 1983 claims should be denied. The defendants are not entitled to qualified immunity.  Plaintiffs concede issues and claims directly related to the Sheriff.  Plaintiffs pray that the Court will so rule.

Submitted this the _31st_ day of September, 2005.

s/K. ANDERSON NELMS
K. ANDERSON NELMS
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
andynelms@jaylewislaw.com
ASB-6972-E63K
Counsel for Plaintiff

LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document on the following counsel or parties, by placing a copy of such in the United States mail, properly addressed and first class postage prepaid, or by hand delivery, on this the __31___ day of September, 2005.

Hon. Daryl L. Masters
Hon. Gary Willford, Jr.
WEBB & ELEY, P.C.
P.O. Box 238
Montgomery, AL 36101-0238

s/K. ANDERSON NELMS
K. ANDERSON NELMS
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
andynelms@jaylewislaw.com
ASB-6972-E63K
