IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANET AINSWORTH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 2:05-cv-740-B |
| | ) |
| DEPUTY CHRIS INABINETT, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION TO DISMISS**

COME NOW Covington County Sheriff Anthony Clark and Covington County Deputy Sheriff Chris Inabinett, Defendants in the above-entitled action, and submit this Reply to Plaintiffs' Response to their Motion to Dismiss.

**INTRODUCTION**

In their Opposition, the Plaintiffs have conceded that they "cannot provide specific enough information relevant to the hiring, supervision, [sic] training of Deputy Inabinett by Sheriff Clark." (Pl'tfs' Opp'n at p. 5.) Nonetheless, the Plaintiffs, in asking for leave to amend to bring Sheriff Clark back into this lawsuit at a later date, seek to dismiss Sheriff Clark without prejudice.[1] Id. With respect to Deputy Inabinett, the Plaintiffs argue that their claims are valid essentially because under Graham v. Connor, 490 U.S. 385 (1989), "[t]he gravity of the situation did not necessitate the use of force." Id. Furthermore, while acknowledging that *de minimis* force does not violate the Constitution, the Plaintiffs make no argument whatsoever regarding the

---

[1] Sheriff Clark will offer no further argument in this brief with respect to the dismissal of the Plaintiffs' claims against him. However, for the reasons stated in the Memorandum Brief supporting the Defendants' Motion to Dismiss, Sheriff Clark requests that the Court dismiss the Plaintiffs' claims against him ***with prejudice***.

1

*de minimis* nature of the force alleged in their Complaint. For the reasons stated in the Defendants' Motion to Dismiss and supporting brief, as well as those set forth below, the Plaintiffs' claims against these Defendants should be dismissed with prejudice.

## ARGUMENT

Accepting the concessions in the Plaintiffs' Opposition, the only issue to be addressed at this point is whether Deputy Inabinett is entitled to qualified immunity from the Plaintiffs' Fourth Amendment excessive force claims. To deny Deputy Inabinett qualified immunity, the Plaintiffs must demonstrate that (1) Deputy Inabinett violated their federally protected rights; and (2) the rights violated were clearly established at the time of the alleged violation. Saucier v. Katz, 533 U.S. 194, 201 (2001).[2] In his Motion to Dismiss, Deputy Inabinett asserted that the facts alleged in the Complaint were insufficient to establish either element of the qualified immunity analysis and that the force applied – particularly with respect to Ms. Ainsworth – was *de minimis*. In Opposition, the Plaintiffs only took issue with the first prong of the qualified immunity analysis and failed to address either the question of clearly established law or *de minimis* force. (See generally Pl'tfs' Opp'n.) Accordingly, all of the Plaintiffs' claims are due to be dismissed with prejudice.

**I.    PLAINTIFFS' FAILURE TO ADDRESS QUALIFIED IMMUNITY AND *DE MINIMIS* FORCE ISSUES CONSTITUTES A WAIVER OF THOSE ISSUES.**

Where a party mentions an issue in a brief but fails to address it, the party has waived the issue. Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989). The Plaintiffs' failure to address either the "clearly established law" prong of qualified immunity and the *de minimis* force argument raised by Deputy Inabinett in his motion to dismiss, constitute waiver of those issues. Id. As the Plaintiffs have failed to establish a violation of clearly

---

[2] The Plaintiffs have conceded that the Defendants were acting within their discretionary authority. (Pl'tfs' Opp'n at p. 3.)

established law or that the alleged injuries suffered by them were more than *de minimis*, and have waived contesting these issues, Deputy Inabinett is entitled to a dismissal of all of the Plaintiffs' claims against him as a matter of law.

## II. DEPUTY INABINETT DID NOT USE EXCESSIVE FORCE.

Even if the Plaintiffs' claims are not due to be dismissed by their failure to contest key relevant issues, the claims are nonetheless due to be dismissed because Deputy Inabinett did not use excessive force.[3] The parties appear to be in agreement that the test of whether excessive force is used is derived from Graham. (See, e.g., Pl'tfs' Opp'n at p. 4.) Under Graham, the Court should consider factors such as the crime Deputy Inabinett was investigating and the threat to his safety and the safety of others. 490 U.S. at 396.

Remarkably, the Plaintiffs argue that, despite N.A.'s arrest for obstruction of governmental operations and resisting arrest, Deputy Inabinett was not investigating a crime. (Pl'tfs' Opp'n. at p. 5.) The Plaintiffs go on, however, to argue that there was no risk of harm to anyone or a governmental interest at stake. Id. However, their own Complaint undercuts their argument. N.A. was agitated, "foaming at the mouth", and attempting to commit suicide by strangling himself with a belt. (Complaint at ¶¶ 11-12.) Ms. Ainsworth obviously thought the threat was significant enough to call for help. Id. at ¶ 13. N.A. was clearly a threat to himself, Deputy Inabinett, Officer Anderson, and the Ainsworth family.

Furthermore, Deputy Inabinett was authorized by law to use force to prevent N.A.'s suicide. Alabama law specifically authorizes the use of force against a person to stop him from committing suicide. ALA. CODE § 13A-3-24. Deputy Inabinett was therefore authorized as a matter of law to intervene.

---

[3] As the Plaintiffs did not address either the clearly established law prong of qualified immunity or *de minimis* force, Deputy Inabinett rests on the law and argument regarding these issues that were contained in the brief supporting the Defendants' Motion to Dismiss.

Finally, the Complaint makes it abundantly plain that the force used by Deputy Inabinett was reasonable. According to the Complaint, Deputy Inabinett pushed past Mrs. Ainsworth to get to N.A., attempted first to physically control N.A., and when he failed to obtain control of N.A., used a Taser to finally get control of N.A. (Complaint at ¶¶ 23-25.) The *total* cost of preventing a 16-year old boy of committing suicide was a bruised arm, a five-second (at most) "full body Charlie horse", and an infected cut. Where an emotionally disturbed 16-year old boy's life was at stake, the force used here was clearly reasonable, in terms of both the type of force used and harm resulting from the force used.

Alabama law authorized Deputy Inabinett to intervene, he successfully prevented N.A. from committing suicide, and his thanks for a job well done is a federal lawsuit. While Deputy Inabinett may never garner the appreciation he is due from the Plaintiffs, this Court can rectify the grievous wrong done to Deputy Inabinett by granting his Motion to Dismiss and putting an end to this case.

## CONCLUSION

Based upon the foregoing, the Defendants request that the Court issue an Order dismissing them from this action with prejudice.

Respectfully submitted, this 11th day of October, 2005.

                **s/Gary L. Willford, Jr.**
                DARYL L. MASTERS – Bar No. MAS018
                GARY L. WILLFORD, JR. – Bar No. WIL198
                Attorneys for Defendants
                WEBB & ELEY, P.C.
                7475 Halcyon Pointe Road (36117)
                Post Office Box 240909
                Montgomery, Alabama  36124
                Telephone:  (334) 262-1850
                Fax:  (334) 262-1889
                E-mail:  gwillford@webbeley.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this the 11th day of October, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Jay B. Lewis, Esq., and Keith A. Nelms, Esq.**

                                        **s/Gary L. Willford, Jr.**
                                        OF COUNSEL