IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| N.A., a minor who sues by and through Janet Ainsworth, his mother and next friend, and <br> JANET AINSWORTH, <br>    Plaintiff, <br><br> v. <br><br> DEPUTY CHRIS INABINETT, in his individual capacity, and <br> SHERIFF ANTHONY CLARK, in his individual capacity, <br>    Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> *         Civil Case No.: 2:05cv740-DRB |

### MOTION TO SUBMIT SUPPLEMENTAL RESPONSE TO MOTION TO DISMISS

COME NOW Plaintiffs, in the above styled cause, by and through their counsel of record, and move to supplement their response to the defendants motion to dismiss as follows:

### PLAINTIFFS HAVE NOT "WAIVED" ISSUES

The defendants assert that Plaintiffs have waived the issues of qualified immunity and *de minimus* force by failing to address them.  That is simply not true.

Plaintiffs set forth facts sufficient to show that the force used by Inabinett was far from *de minimus*.  Beating and electrocuting a child who was not suspected of having committed any crime cannot be construed as constituting *de minimus* force, nor did the child suffer *de minimus* injury.

With regard to the qualified immunity argument, Plaintiffs thoroughly briefed that issue. Inabinett is not entitled to qualified immunity because it is clearly established in the law that the use of physical violence in circumstances as described by Plaintiffs is violative of the Fourth Amendment's guarantee of freedom from unreasonable seizures.

## THE FORCE USED WAS EXCESSIVE

The defendants wish for this Court to believe that they "successfully prevented N.A. from committing suicide." That is simply untrue. By the time Inabinett arrived, the crisis was over. N.A. no longer had a belt around his neck, was not foaming at the mouth, and was not attempting to injure himself or anyone else. To the extent that was not clear from the face of the complaint, Plaintiff is submitting contemporaneously herewith his Motion to Amend and his First Amended Complaint.

## CONCLUSION

Plaintiffs state the defendants' motion to dismiss their § 1983 claims is due to be denied. The defendants are not entitled to qualified immunity.

Submitted this the _21st_ day of October, 2005.

/s/JAY LEWIS
Jay Lewis
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
J-lewis@jaylewislaw.com
ASB-2014-E66j
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

  I hereby certify that I have served the foregoing document on the following counsel or parties, by placing a copy of such in the United States mail, properly addressed and first class postage prepaid, or by hand delivery, on this the __21__ day of October, 2005.

Hon. Daryl L. Masters
Hon. Gary Willford, Jr.
WEBB & ELEY, P.C.
P.O. Box 238
Montgomery, AL 36101-0238

            /s/JAY LEWIS
            Jay Lewis
            P.O. Box 5059
            Montgomery, AL 36103
            Phone: (334) 263-7733
            Fax: (334) 832-4390
            J-lewis@jaylewislaw.com
            ASB-2014-E66j
            Counsel for Plaintiff