IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| N.A., a minor who sues by and through Janet Ainsworth, his mother and next friend, and<br>JANET AINSWORTH,<br>    Plaintiff,<br><br>v.<br><br>DEPUTY CHRIS INABINETT, in his individual capacity,<br>    Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*  Civil Case No.: 2:05cv740-DRB<br>*<br>*  __JURY TRIAL DEMANDED__<br>*<br>* |

## SECOND AMENDED COMPLAINT

COMES NOW Plaintiffs N.A. and Janet Ainsworth, by and through their attorneys of record, and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiffs file this Complaint and invoke the jurisdiction of this Court under and by virtue of the Fourth Amendment to the Constitution of the United States, 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and the common law of Alabama to obtain declaratory and injunctive relief and compensatory and punitive damages. Defendant violated Plaintiffs' rights as guaranteed by the Constitution of the United States, by Federal law, and by Alabama law.

2. The violations of Plaintiffs' rights as alleged herein occurred in Covington County, Alabama, and were committed within the Middle District of the State of Alabama.

### PARTIES

3. Plaintiff N.A. is a minor child under the age of 19 years, and is and at all times material hereto was a citizen of the United States and the State of Alabama. N.A. is suing by and through his mother and next friend, Janet Ainsworth (hereinafter, "Janet").

4. Janet Ainsworth over the age of 19 years, is a citizen of the United States and the State of Alabama, residing in the Middle District of Alabama.

5. Defendant Deputy Chris Inabinett (hereinafter, "Inabinett"), a further and better denomination of whom is presently unknown to Plaintiffs despite diligent inquiry, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the Sheriff's Department of Covington County, Alabama, and is a person whose conduct proximately and directly harmed Plaintiffs. Inabinett is being sued in his individual capacity.

## NATURE OF PROCEEDINGS

6. This is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the parties, each to the other, and for compensatory and punitive damages for Plaintiffs' suffering as a consequence of the wrongs alleged herein.

## FACTS

7. Plaintiffs expressly adopt as if fully set forth herein the allegations in the foregoing paragraphs.

8. N.A., a sixteen-year-old male child, is a troubled young man with a diagnosed history of mental illness and instability which is largely controlled by medication.

2

9. The fact of that mental illness is well known to the Sheriff's Department of Covington County, as deputies have been dispatched to N.A.'s home on several occasions to assist the family in administering medication to him.

10. On or about the afternoon of July 13, 2005, N.A. was not feeling well. While in his bedroom in the family home, he wrapped a belt around his neck and was choking himself with it.

11. In a distressed state and foaming at the mouth, N.A. was discovered by his brother who called for their mother.

12. Their mother, Janet, intervened, relieved N.A.'s immediate distress, and called the Covington County emergency number, 911.

13. Janet told the 911 operator that her son had just tried to choke himself and that she wanted the rescue squad dispatched to their home.

14. The 911 operator called for assistance and remained on the telephone with Janet until an officer arrived at the home.

15. That officer was David Anderson, an officer with the Red Level, Alabama, police department.

16. Anderson paused to assess the situation, assured the family that an ambulance was on the way, asked Janet, her husband Robert, and their other son, R.A., to step out of N.A.'s room so he could talk with the young man.

17. At that time, N.A. was expressing great fear and apprehension. He was kneeling on his bed with his arms wrapped around the metal bars that made up his headboard; however,

by that time, he was no longer attempting to harm himself, and he did not so attempt thereafter.

18. Anderson spoke with N.A. in a calming manner and the youth's anxiety was abating. He began to release his grip on the headboard of the bed.

19. At about that time, Janet heard another vehicle arrive. Thinking it was the ambulance, she went toward the door.

20. At that point, Inabinett entered the residence with a Taser "stun gun" drawn.

21. Janet asked that Inabinett not display the weapon as she feared the sight of it would frighten the still-fragile N.A., causing him additional distress.

22. Inabinett roughly shoved Janet aside, slamming her into a wall and badly bruising her arm.

23. Inabinett rushed into N.A.'s room, pushed past Anderson, and leaped onto N.A.'s bed. His ascent to the bed was so violent that he caused the bed to break through the flooring of the home.

24. Inabinett began beating N.A. with his fists, pummeling him on his hands, arms, back, neck, and head, causing bruises and contusions.

25. By this time, N.A. was paralyzed with fear and anxiety.

26. N.A. never attacked either officer, nor did he offer to do so. He made no aggressive moves whatsoever toward anyone.

27. Anderson was yelling, "Chris, Chris," in an apparent effort to bring Inabinett under control. N.A.'s family were watching in horror.

4

Case 2:05-cv-00740-DRB     Document 21     Filed 12/13/2005     Page 5 of 10

28. Inabinett ceased beating N.A., stood up on the bed, and fired his energy weapon at point-blank range toward N.A.

29. The two probes fired by a Taser weapon[1] are designed to contact the clothing of a victim and carry an electrical charge to the skin over a pathway of ionized air. In this case, N.A.'s skin was punctured by the probes, and at least one of the puncture wounds later became seriously infected.

30. N.A. was immobilized by the five-second charge and subjected to unbearable pain.

31. When N.A.'s disabled father protested the treatment of N.A., Inabinett put his hand on his semiautomatic service pistol in a threatening manner and said, "you better not come in here."

32. N.A. was handcuffed and taken out of the home by Anderson and Inabinett.

33. Inabinett told the family that he was not taking N.A. to the hospital, but was taking him to jail to be charged with obstructing a governmental operation and resisting arrest.

34. Ultimately, however, N.A. was transported by ambulance to a hospital, treated for his injuries, and transferred to a mental health facility.

35. At all times material hereto, Inabinett was performing as a Deputy Sheriff of Covington County, Alabama, and was acting under color of law and pursuant to statutes of the State of Alabama and regulations, customs, procedures or policies of the Sheriff of Covington County, Alabama.

---

[1] The metal probes are propelled by a charge of nitrogen gas under pressure of 1,800 pounds per square inch.

36. At no time material hereto had a crime been committed, nor did anyone involved have probable cause to believe, or even reason to suspect, that a crime had been committed.

37. At all times material hereto, any reasonable law enforcement officer would know that the use of force and the application of gratuitous pain against a person who at the time posed no danger to himself, any officer, or any member of the public is prohibited by the Fourth Amendment to the United States Constitution.

38. On or about October 28, 2004, Inabinett was involved in another savage and brutal beating of a person within the city of Florala, Alabama, during an arrest. That person was subsequently the victim of a homicide at the hands of Inabinett and/or his father, Walter Inabinett, while in Inabinett's custody. That homicide is the subject of another suit in the Middle District of Alabama, *Henderson v. Inabinett*, 2:05-cv-64.

39. N.A. suffered severe physical pain and suffering and severe and continuing emotional distress and mental anguish.

40. Janet was in the zone of danger of Inabinett's wrongful conduct.

41. Janet suffered severe physical pain and suffering and severe and continuing emotional distress and mental anguish.

42. Janet and N.A. have been injured and damaged by the wrongful and unconstitutional actions of Inabinett.

### CAUSES OF ACTION

43. Plaintiffs expressly adopt as to each cause of action as if fully set forth therein each and all of the allegations in the preceding paragraphs.

### COUNT I – 42 U.S.C. § 1983 – UNREASONABLE FORCE AGAINST JANET

6

44. Inabinett used force against Janet.

45. The force Inabinett used against Janet was disproportionate, excessive and unreasonable.

46. Janet was not suspected of a crime.

47. Janet posed no danger to herself, to Inabinett, or to anyone else.

48. Inabinett knew that the application of any force in circumstances such as described above would be disproportionate, excessive and unreasonable.

49. It was clearly established in the law at all times material hereto that the application of any force in circumstances such as described above would be disproportionate, excessive and unreasonable.

50. Janet had a right to be free from the use of unreasonable force pursuant to the guarantees of the Fourth Amendments to the United States Constitution.

51. At all times material hereto the right of Janet to be free from the use of unreasonable force was clearly established.

52. Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

53. Specifically, any reasonable law enforcement officer would have been aware that Inabinett's conduct would violate a clearly established constitutional right, to wit: to be free from the use of excessive and unreasonable force applied under color of law by a state actor.

54. Janet has been injured and damaged thereby.

**COUNT II – 42 U.S.C. § 1983 – UNREASONABLE FORCE AGAINST N.A.**

55. Inabinett used force against N.A.

7

56. The force Inabinett used against N.A. was disproportionate, excessive and unreasonable.

57. N.A. was not suspected of a crime.

58. At the time Inabinett used force against him, N.A. posed no danger to himself, to Inabinett, or to anyone else.

59. Inabinett knew that the application of any force in circumstances such as described above would be disproportionate, excessive and unreasonable.

60. It was clearly established in the law at all times material hereto that the application of any force in circumstances such as described above would be disproportionate, excessive and unreasonable.

61. N.A. had a right to be free from the use of unreasonable force pursuant to the guarantees of the Fourth Amendments to the United States Constitution.

62. At all times material hereto the right of N.A. to be free from the use of unreasonable force was clearly established.

63. Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

64. Specifically, any reasonable law enforcement officer would have been aware that Inabinett's conduct would violate a clearly established constitutional right, to wit: to be free from the use of excessive and unreasonable force applied under color of law by a state actor.

65. N.A. has been injured and damaged thereby.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, Janet and N.A. pray for relief as follows:

a) Enter a declaratory judgment that the policies and practices complained of herein are unlawful and violative of the Fourth Amendment to the United States Constitution, as addressed by and through 42 USC.A § 1983;

b) Enjoin the defendant from imposing punishment as against Janet and N.A. and further violating their federally protected rights;

c) Grant Compensatory damages in favor of N.A. as against the defendant of $1,000,000.00;

d) Grant Punitive damages to N.A. against the defendant in the amount of $1,000,000.00;

e) Grant N.A. the cost of this action including reasonable attorneys' fees;

f) Grant Compensatory damages in favor of Janet as against the defendant of $1,000,000.00;

g) Grant Punitive damages to Janet against the defendant in the amount of $1,000,000.00;

h) Grant Janet the cost of this action including reasonable attorneys' fees;

i) Grant such other, further and different relief as this Court may deem just and proper, including all equitable relief and attorneys' fees and costs, the awarding of which is within the jurisdiction of the Court.

RESPECTFULLY SUBMITTED on this the __13__ day of December, 2005.

/s/JAY LEWIS
Jay Lewis
K. Anderson Nelms
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
J-Lewis@jaylewislaw.com
ASB-2014-E66J

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document on the following counsel or parties, by placing a copy of such in the United States mail, properly addressed and first class postage prepaid, or by hand delivery, on this the __13__ day of December, 2005.

Hon. Daryl L. Masters
Hon. Gary Willford, Jr.
WEBB & ELEY, P.C.
P.O. Box 238
Montgomery, AL 36101-0238

/s/JAY LEWIS
Jay Lewis
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
J-Lewis@jaylewislaw.com
ASB-2014-E66J

## PLAINTIFFS DEMAND TRIAL BY JURY

10