IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| N.A., a minor who sues by and through Janet Ainsworth, his mother and next friend, and **JANET AINSWORTH**,     Plaintiff, <br><br> v. <br><br> **DEPUTY CHRIS INABINETT, in his individual capacity,**     Defendant. | \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \*    Civil Case No.: 2:05cv740-DRB <br> \* <br> \* <br> \* <br> \* |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

COME NOW Plaintiffs, in the above styled cause, by and through their counsel of record, and respond to the defendants motion to dismiss as follows:

As an initial matter, Plaintiffs adopt as if fully set forth herein their response to the defendant's first motion to dismiss and their supplemental response to that motion. This response will be to those matters not previously addressed.

## FACTS

In ruling on a Rule 12(b)(6) motion to dismiss a complaint, the Court is required to determine only whether a plaintiff can prove a set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957). In making that determination, the Court must assume that the facts as alleged in the complaint are true and, given that assumption, whether **those** facts would entitle the claimant to relief.

It is not given to the defendant to embellish or dispute those facts or to substitute his own for those set forth by the plaintiff. That is, unfortunately, what the defendant has done here.

Plaintiffs did not allege that N.A. had "violent propensities" as the defendant asserted on page 2 of his brief. The pleading that the Court must review contains no such allegation, and the Court is requested to strike that reference.

Plaintiffs did not allege that N.A. "apparently still had the belt wrapped around his neck," (Deft's brief, p.2), another confabulation by the defendant. In fact, the Complaint actually asserts that N.A.'s mother "intervened [and] relieved N.A.'s immediate distress." Yet, having injected this "fact" the defendant predicates much of the rest of his argument on it as though it were established. (*e.g.*, Deft's brief, pp. 7, 9).

The defendant also concludes that he "saved N.A.'s life," (Deft's brief, p.8), an assertion not made in the Complaint and not supported by anything presently in the record.

While it is not particularly relevant here, Plaintiff takes issue with the claim that "the Covington County Grand Jury refused to even indict Deputy Inabinett...for anything done in the *Henderson* case." (Deft's brief, p. 3). The fact is that there is no evidence in the record that Deputy Inabinett's case was ever presented to the Grand Jury; the Grand Jury return (Exhibit B to Deft's brief) refers to **Walter** Inabinett, Deputy Inabinett's father.

## ARGUMENT

As set forth in Plaintiff's response to the defendant's first motion to dismiss, Plaintiff has clearly set forth facts to show that the defendant violently shoved Janet Ainsworth; he then beat the minor child, N.A., and then shot him with Taser barbs, causing 50,000 volts of electricity to course through his body. All the while, N.A. was not committing a crime, had not been accused of committing a crime, and was not even suspected of having contemplated committing a crime.

At the time of the events made the subject of the Complaint in this case, N.A. had ceased

his abortive effort to harm himself – and had, in fact, done so at the behest of his mother, long before the defendant's arrival on the scene. He was not in the process of causing – or even threatening to cause – harm to himself or anyone else. He was merely clinging to the headboard of his bed.

Based on the facts as set forth, it was presumptively unreasonable for the defendant to use any force whatsoever beyond that necessary to effect a rescue. It was certainly not necessary to the rescue to beat and electrocute the child.

It is clear that the facts as set forth in the Second Amended Complaint demonstrate at least colorable claims sufficient to survive a motion to dismiss at this stage in the proceedings. Should the plaintiffs prove those facts, they would be entitled to relief; thus dismissal is inappropriate.

With respect to the defendant's assertion that he is entitled to claim qualified immunity, he is not so entitled.

The doctrine of qualified immunity protects public officials from monetary liability when their conduct does not violate "clearly established" law. To overcome the defense of qualified immunity – to demonstrate that the law is "clearly established"– a plaintiff must show that the public official had fair warning of what the law required. One way to demonstrate "fair warning" is by pointing out a prior case with similar facts, but that is not the only way. *See, e.g., United States v. Lanier*, 520 U.S. 259, 271 (1997)(recognizing that a general constitutional rule may apply with "obvious clarity to the specific conduct in question," even though the challenged conduct has not previously been held unlawful); *see also, Hope v. Pelzer*, 122 S.Ct. 2508 (2002). The 11th Circuit has specifically defined the defense of qualified immunity. To determine

whether an officer is entitled to qualified immunity, court's engage in a two-step analysis: first, they decide whether defendants' acts violated the Constitution; second, they ask whether, at the time of the incident, every objectively reasonable police officer would have realized the acts violated already clearly established federal law. *Garrett v. Athens-Clarke County*, 378 F.3d 1274 (11th 2004).

In the present case, a deputy is using force to effectuate an arrest. Such an act is clearly within the discretionary authority of a deputy sheriff. It is alleged that Deputy Inabinett used increasing force to arrest a citizen who had not committed a crime. In fact, the deputy was called to the scene in what is commonly referred to as "welfare assistance" call.

At no time is it alleged that N.A. committed a crime. In fact, Deputy Inabinett's purpose at the Ainsworth house that afternoon was to assist in the safety and protection of N.A. Ironically, Deputy Inabinett's presence most likely caused N.A. more harm and placed N.A. in a more dangerous position than existed prior to Deputy Inabinett's arrival. After the beating and shocking incident, Deputy Inabinett would fabricate a charge of resisting arrest and interference with a governmental operation.[1]

It is understood that some force in effecting an arrest is allowed, determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. *Vinyard v. Wilson*, 311 F.3d 1340 (11th 2002). Again, in the case at bar, there is no crime giving rise to the necessity for arrest. Under the circumstances, any use of force may be construed as excessive.

---

[1] It is believed that N.A. still faces pending criminal charges related to the incident.

4

The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest. *Lee*, 284 F.3d at 1197 (citing *Graham v. Connor*, 490 U.S. 386, 394-95 (1989)). All claims that law enforcement officers have used excessive force in the course of an arrest, investigatory top, or other "seizure" of a free citizen are analyzed under the Fourth Amendment's reasonableness standard. *See, e.g., Graham v. Connor,* 490 U.S. 385, 395 (1989).

The Eleventh Circuit Court of Appeals has interpreted the Supreme Court's language in *Graham* as requiring the balancing of three factors in determining whether the force applied was reasonable. *Draper v. Reynolds,* 369 F.3d 1270, 1277-78 (11th Cir.2004). These factors are the need for the application of force, the relationship between the need and amount of force used, and the extent of the injury inflicted. *Id.* The application of *de minimus* force, without more, will not violate the Fourth Amendment's prohibition against the use of excessive force. See, e.g., *Nolin v. Isbell*, 207 F.3d 1253, 1257 (11th Cir.2000). This force, however, was not *de minimus*.

There was no need for the application of the force employed here against N.A.; the amount of force used was disproportionate to any legitimate law enforcement purposes; and N.A. was caused to undergo severe pain and continuing medical problems, in addition to emotional distress and mental anguish. The same analysis applies to Janet's case. There was certainly no need for the defendant to shove her into a wall; the force used was disproportionate to any legitimate law enforcement purposes; and Janet was caused to sustain deep bruising, in addition to emotional distress and mental anguish.

## **CONCLUSION**

Plaintiffs suggest that the defendants' motion to dismiss their § 1983 claims is due to be

denied as they have set forth facts which, if proven, would entitle them to recovery. The defendant is not entitled to qualified immunity for the reasons appearing hereinabove.

    Submitted this the _19th_ day of December, 2005.

>/s/JAY LEWIS
>Jay Lewis
>P.O. Box 5059
>Montgomery, AL 36103
>Phone: (334) 263-7733
>Fax: (334) 832-4390
>J-lewis@jaylewislaw.com
>ASB-2014-E66j
>Counsel for Plaintiff

## CERTIFICATE OF SERVICE

      I hereby certify that I have served the foregoing document on the following counsel or parties, by placing a copy of such in the United States mail, properly addressed and first class postage prepaid, or by hand delivery, on this the __19th__ day of December, 2005.

Hon. Daryl L. Masters  
Hon. Gary Willford, Jr.  
WEBB & ELEY, P.C.  
P.O. Box 238  
Montgomery, AL 36101-0238  

                                                /s/JAY LEWIS  
                                                Jay Lewis  
                                                P.O. Box 5059  
                                                Montgomery, AL 36103  
                                                Phone: (334) 263-7733  
                                                Fax: (334) 832-4390  
                                                J-lewis@jaylewislaw.com  
                                                ASB-2014-E66j  
                                                Counsel for Plaintiff