UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| N.A., a minor who sues by and through | ) | |
| Janet Ainsworth, his mother and next | ) | |
| friend, and Janet Ainsworth | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:05-CV-740-DRB |
| | ) | [wo] |
| DEPUTY CHRIS INABINETT, in his | ) | |
| individual capacity, and | ) | |
| SHERIFF ANTHONY CLARK, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTIONS

The complaint filed August 5, 2005 in this 42 U.S.C. § 1983 action designated as defendants Covington County Sheriff Anthony Clark and Covington County Deputy Sheriff Chris Inabinett. Pending motions warrant a preliminary summary of the pertinent procedural context.

1.    Defendants' *Motion to Dismiss* (Doc.7, Sept. 6, 2005) asserts "qualified immunity" and requests oral argument.  Plaintiffs' *Response* disputes Deputy Inabinett's entitlement to qualified immunity but "concede the issue" as to Sheriff Clark based on their inability to "provide specific enough information relevant to the hiring, supervision, training of Deputy Inabinett by the Sheriff..." (Doc.10 at 5, Sept. 30, 2005).  Defendants seek dismissal of the Sheriff *with prejudice* and maintain the deputy's entitlement to dismissal based on qualified immunity.  Additionally, Defendants suggest that Plaintiffs' "failure to address qualified immunity and *de minimis* force issues constitutes a waiver of those

issues."[1]

2.  On October 21, 2005, Plaintiffs filed  – and the court granted leave to file – a *Motion to Submit Supplemental Response to Motion to Dismiss (Docs. 15, 17)*  to dispute Defendants' "waiver" contention along with a *Motion to Amend* and his *First Amended Complaint (Doc 14).*  Absent any timely opposition, on November 29, the court allowed the *First Amended Complaint (Doc. 19 Order).*

3.  Notwithstanding Plaintiffs' previous concession of the Sheriff's entitlement to qualified immunity, the *First Amended Complaint* docketed on November 29 (Doc. 20) included him as a defendant.  However, Plaintiffs filed on December 13 a *Motion to Amend First Amended Complaint* seeking "leave to ...substitute therefor their Second Amended Complaint" in order to correct the inadvertent designation of Sheriff Clark as a defendant in the First Amended Complaint; again, Plaintiffs requested dismissal of the Sheriff *without prejudice*.  Again requesting oral argument, Defendant Inabinett has moved to dismiss this complaint (Docs.  22,23*, Dec. 13, 2005),* and Plaintiffs' *response in* opposition  adopts by reference their response and supplemental response to the defendant's first motion to dismiss *(*Doc. 24*, Dec. 19, 2005).*

---

[1]*Defendants' Reply* (Doc.13 at 1-2, Oct. 11, 2005).  Defendants responded to Plaintiffs' request "to reserve their right to amend the complaint re-adding Sheriff Clark should discovery reveal that Sheriff Clark negligently or willfully trained, supervised or maintained the employment of Deputy Inabinett (Doc.10 at 5).

*Upon consideration of pending motions in the context of this procedural context, it is, for good cause,* **O**RDERED that:

1. Plaintiffs' ***Motion to Amend First Amended Complaint*** *(Doc. 21-1)* is **GRANTED**, and, accordingly, the *Second Amended Complaint* attached to the Motion as Doc 21-3 shall be docketed.

2. Pursuant to the Second Amended Complaint, **Covington County Sheriff Anthony Clark is hereby DISMISSED as a Defendant** in this action, and the court reserves ruling on whether his dismissal should be *with prejudice*, as Defendant maintains, or *without prejudice*, as Plaintiff argues.

3. Defendant's ***Motion to Dismiss filed September 6, 2005*** in response to the original complaint *(Doc. 7)* is **DENIED as mooted** by the Second Amended Complaint.

4. This case is hereby set for **oral arguments** in District Courtroom 4A **at 10:30 a.m. on Monday, January 23, 2006, on two issues:**

a.  whether Sheriff Clark's dismissal should be with or without prejudice; and

b.  Defendant's ***Motion to Dismiss*** the *Second Amended Complaint* (Doc. 22), to which Plaintiffs responded in opposition on December 19 (Doc. 24).

Done this 6th  day of January, 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED  STATES  MAGISTRATE  JUDGE