IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANET AINSWORTH, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )    Civil Action No. 2:05-cv-740-B |
| | ) |
| DEPUTY CHRIS INABINETT, et al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT**

COMES NOW Covington County Deputy Sheriff Chris Inabinett, a Defendant in the above-entitled action, and submits this Reply to Plaintiffs' Response to his Motion to Dismiss.

**INTRODUCTION**

In their Opposition, the Plaintiffs make two arguments to save their claims. First, the Plaintiffs assert that the Defendant has added facts that are not in the Second Amended Complaint. (Pltfs' Opp'n. at pp. 1-2.) Second, they argue that Deputy Inabinett is not entitled to qualified immunity on the Plaintiffs' excessive force claims. Id. at pp. 2-5. For the reasons stated in the Defendant's Motion to Dismiss and supporting brief, as well as those set forth below, the Plaintiffs' claims against Deputy Inabinett should be dismissed with prejudice.

**ARGUMENT**

**I.    THE DEFENDANT'S BRIEF DOES NOT CONTAIN "NEW FACTS.**

The Plaintiffs assert that Deputy Inabinett added four additional facts to the Second Amended Complaint. The first three new "facts" are not new; they are contained – albeit in a different form – in the Second Amended Complaint. The last "fact" is based upon information

1

that the Court may take judicial notice of, and, in light of the Plaintiffs' concession that Sheriff Clark should be dismissed from this case, is no longer relevant.

The first additional "fact" the Plaintiffs claim Deputy Inabinett added is that N.A. had "violent propensities". (Pltf's Opp'n at p. 2.) While the Plaintiffs no doubt wish to dance around it, they have pled facts making this statement abundantly clear. The Second Amended Complaint alleges:

- N.A. "is a *troubled* young man with a *diagnosed history of mental illness and instability* . . ." (Second Amended Complaint at ¶ 8 (emphasis added).)
- [D]eputies have been dispatched to N.A.'s home on *several* occasions to assist the family in administering medication to him." Id. at ¶ 9 (emphasis added).
- N.A. "wrapped a belt around his neck and was choking himself with it." Id. at 10.

Next, the Plaintiffs argue that Deputy Inabinett added the fact that N.A. still had the belt wrapped around his neck when Deputy Inabinett arrived. (Pltfs' Opp'n. at p. 2.) The Plaintiffs argue that this fact is not in the Second Amended Complaint because they alleged elsewhere that Janet Ainsworth relieved N.A.'s "distress". Id. (citation omitted). The Plaintiffs have had two opportunities to amend their Complaint and have yet to add a specific allegation that the belt had been removed from N.A.'s neck. (See generally Complaint, Amended Complaint, and Second Amended Complaint.)

Furthermore, the inference the Plaintiffs want the Court to draw – that the belt was removed – cannot be logically inferred from the Second Amended Complaint. In paragraph 10, the Plaintiffs allege that N.A. wrapped a belt around his neck. It is not until paragraph 11 that the Plaintiffs allege N.A. was in "a distressed state". The Plaintiffs do not directly tie the "distressed state" to the belt, and, in fact go further to add that N.A. was "foaming at the mouth".

The language relied upon by the Plaintiffs is found in paragraph 12 and uses the wording of paragraph 11 without ever mentioning the belt.

The Plaintiffs are only entitled to *reasonable* inferences. Dalrymple v. Reno, 334 F.3d 991, 994 (11th Cir. 2003). Here, where the Plaintiffs have had two opportunities to amend and add an allegation that N.A. removed the belt from his neck and have failed to make the allegation, it is unreasonable to assume that such a fact exists in the Amended Complaint. It is alleged that N.A. put the belt on his neck and no allegation in the Second Amended Complaint exists specifically asserting that he took it off.

Next, the Plaintiffs take issue with Deputy Inabinett's *argument* that he saved N.A.'s life. Again, the facts pled in the Second Amended Complaint fully support this argument. N.A. was mentally ill, unstable, had placed a belt around his neck, and was foaming at the mouth. (Second Amended Complaint at ¶¶ 8-12.) Furthermore, N.A. is suing Deputy Inabinett – albeit through his mother – and not N.A.'s estate. It is therefore reasonable to assume that N.A. is still alive. In light of these facts it is arguable that Deputy Inabinett saved N.A.'s life.

Finally, with respect to the Henderson v. Inabinett case, the Grand Jury that issued the return looked at the Aaron Shaw incident. It had the power to return an indictment against Chris Inabinett if it saw fit; it did not do so. Regardless, the Plaintiffs' allegations with respect to the Henderson case are irrelevant at this point because they are applicable only to the Plaintiffs' supervisory claims against Sheriff Clark. Even if the Plaintiffs' assertions regarding the Henderson case were true, prior misconduct on the part of Deputy Inabinett is not admissible against Deputy Inabinett. Fed.R.Evid. 404(b). As Deputy Inabinett is the sole remaining Defendant in this case, the Court should not consider allegations contained in paragraph 38 of the Second Amended Complaint.

## II.     DEPUTY INABINETT IS ENTITLED TO QUALIFIED IMMUNITY

To deny Deputy Inabinett qualified immunity, the Plaintiffs must demonstrate that (1) Deputy Inabinett violated their federally protected rights; and (2) the rights violated were clearly established at the time of the alleged violation. Saucier v. Katz, 533 U.S. 194, 201 (2001).[1] In his Motion to Dismiss, Deputy Inabinett asserted that the facts alleged in the Second Amended Complaint were insufficient to establish either element of the qualified immunity analysis and that the force applied – particularly with respect to Ms. Ainsworth – was *de minimis*. In Opposition, the Plaintiffs took issue with the qualified immunity analysis, and while mentioning it, failed to address Deputy Inabinett's *de minimis* argument. (See generally Pl'tfs' Opp'n.)

### A.     Plaintiffs' Failure to Address *De Minimis* Force Constitutes a Waiver of the Issue.

Where a party mentions an issue in a brief but fails to address it, the party has waived the issue. Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989). The Plaintiffs' failure to address the *de minimis* force argument raised by Deputy Inabinett in his motion to dismiss, constitutes a waiver of that issue. Id. As the Plaintiffs have failed to establish that the alleged injuries suffered by them were more than *de minimis*, and have waived contesting the issue, Deputy Inabinett is entitled to a dismissal of all of the Plaintiffs' claims against him as a matter of law.

### B.     Deputy Inabinett Did Not Use Excessive Force.

Even if the Plaintiffs' claims are not due to be dismissed by their failure to contest key relevant issues, the claims are nonetheless due to be dismissed because Deputy Inabinett did not

---

[1] The Plaintiffs have conceded that the Defendants were acting within their discretionary authority. (Pl'tfs' Opp'n at p. 3.)

use excessive force.[2]  The parties appear to be in agreement that the test of whether excessive force is used is derived from Graham v. Connor, 490 U.S. 386 (1989). (See, e.g., Pl'tfs' Opp'n at p. 5.)  Under Graham, the Court should consider factors such as the crime Deputy Inabinett was investigating and the threat to his safety and the safety of others.  490 U.S. at 396.

Remarkably, the Plaintiffs argue that, despite N.A.'s arrest for obstruction of governmental operations and resisting arrest, Deputy Inabinett was not investigating a crime. (Pl'tfs' Opp'n. at p. 4.)  The Plaintiffs go on, however, to argue that there was no risk of harm to anyone or a governmental interest at stake.  Id.  However, the Second Amended Complaint undercuts their argument.  It was known that N.A. was "a troubled young man" and mentally ill. (Second Amended Complaint at ¶ 8.)  At the time complained of, N.A. was agitated, "foaming at the mouth", and had recently attempted to commit suicide by strangling himself with a belt.  Id. at ¶¶ 10-11.  Ms. Ainsworth obviously thought the threat was significant enough to call for help. Id. at ¶ 12.  N.A. was clearly a threat to himself, Deputy Inabinett, Officer Anderson, and the Ainsworth family.

Furthermore, Deputy Inabinett was authorized by law to use force to prevent N.A.'s suicide.  Alabama law specifically authorizes the use of force against a person to stop him from committing suicide.  ALA. CODE § 13A-3-24.  Deputy Inabinett was therefore authorized as a matter of law to intervene.

Finally, the Second Amended Complaint makes it abundantly plain that the force used by Deputy Inabinett was reasonable.  According to the Second Amended Complaint, Deputy Inabinett pushed past Mrs. Ainsworth to get to N.A., attempted first to physically control N.A., and when he failed to obtain control of N.A., used a Taser to finally get control of N.A. (Second

---

[2] As the Plaintiffs did not address either the clearly established law prong of qualified immunity or *de minimis* force, Deputy Inabinett rests on the law and argument regarding these issues that were contained in the brief supporting the Defendant's Motion to Dismiss.

Amended Complaint at ¶¶ 22-29.) The *total* cost of preventing a 16-year old boy from committing suicide was a bruised arm, a five-second (at most) "full body Charlie horse", and an infected cut. Where an emotionally disturbed 16-year old boy's life was at stake, the force used here was clearly reasonable, in terms of both the type of force used and harm resulting from the force used.

In another twist of irony, the Plaintiffs cite the Eleventh Circuit Court of Appeals' decision in Draper v. Reynolds, 369 F.3d 1270 (11th Cir. 2004). While Draper does set forth the balancing factors the Eleventh Circuit uses in determining excessive force cases, as noted in Deputy Inabinett's principal brief, it also found that a Georgia state trooper was entitled to qualified immunity for using a Taser on a motorist who did nothing more than argue, gesticulate wildly, and refuse to get papers out of his truck. 369 F.3d at 1278. In finding that the officer did not use excessive force and was entitled to qualified immunity, the Draper Court stated "[a]lthough being struck by a taser gun is an unpleasant experience, the amount of force [the officer] used – *a single use of the taser gun causing a one-time shocking* – was reasonably proportionate to the need for force and did not inflict any serious injury." Id. Here, N.A. was mentally ill, had at least attempted to hurt himself, and "was expressing great fear and apprehension".[3] (Second Amended Complaint at ¶¶ 8-10, 17.) Deputy Inabinett administered the Taser one time. Id. at ¶ 28. Once N.A. was under control, Deputy Inabinett did not use any more force against N.A. Id. at ¶¶ 30-34. Deputy Inabinett's "single use of the taser gun causing a one-time shocking" was not excessive. Draper 369 F.3d at 1278.

Alabama law and Eleventh Circuit precedent authorized Deputy Inabinett to intervene, he successfully prevented N.A. from committing suicide, and his thanks for a job well done is a federal lawsuit. While Deputy Inabinett may never garner the appreciation he is due from the

---

[3] The Plaintiffs aver that the fear and apprehension were abating, but do not allege that it had ceased or that N.A. had stopped expressing it when Deputy Inabinett arrived. (Second Amended Complaint at ¶ 18.)

Plaintiffs, this Court can rectify the grievous wrong done to Deputy Inabinett by granting his Motion to Dismiss and putting an end to this case.

### C. No Clearly Established Law Gave Deputy Inabinett Fair Warning that His Conduct Was Illegal.

Even if the Plaintiffs were able to demonstrate a violation of their federally protected rights, they must still demonstrate that Deputy Inabinett had fair warning that his conduct was illegal or he is entitled to qualified immunity and a dismissal of their claims against him. Storck v. City of Coral Springs, 354 F.3d 1307, 1317 (11th Cir. 2003). The parties agree that the Plaintiffs can meet their burden either with a materially similar case or by demonstrating that Deputy Inabinett's actions were unlawful with obvious clarity. (Pltfs' Opp'n. at p. 3.) The Plaintiffs, however, have utterly failed to meet their burden.

The Plaintiffs have not cited a single case with materially similar facts. (See generally Pltfs' Opp'n.) To the contrary, as noted above, the Plaintiffs have quoted clearly established law that *supports* Deputy Inabinett's actions. See, e.g., Draper, 369 F.3d at 1278. Moreover, as the analysis in Graham is a fact intensive inquiry, such claims cannot be said to be obvious clarity cases. Consequently, Deputy Inabinett is entitled to qualified immunity and a dismissal of the Plaintiffs' claims against him.

### CONCLUSION

Based upon the foregoing, the Defendant Covington County Deputy Sheriff Chris Inabinett requests that the Court issue an Order dismissing him from this action with prejudice.

Respectfully submitted, this 17th day of January, 2006.

        **s/Gary L. Willford, Jr.**
        DARYL L. MASTERS – Bar No. MAS018
        GARY L. WILLFORD, JR. – Bar No. WIL198
        Attorneys for Defendant
        WEBB & ELEY, P.C.
        7475 Halcyon Pointe Road (36117)
        Post Office Box 240909
        Montgomery, Alabama 36124
        Telephone: (334) 262-1850
        Fax: (334) 262-1889
        E-mail: gwillford@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of January, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Jay B. Lewis, Esq., and Keith A. Nelms, Esq.**

        **s/Gary L. Willford, Jr.**
        OF COUNSEL