UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| N.A., a minor who sues by and through | ) | |
| Janet Ainsworth, his mother and next | ) | |
| friend, and Janet Ainsworth | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:05-CV-740-DRB |
| | ) | WO |
| DEPUTY CHRIS INABINETT, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendant. | ) | |

## SUPPLEMENTAL ORDER ON MOTION TO DISMISS SHERIFF CLARK

By ORDER entered January 6, 2006 (Doc. 25) this court DISMISSED Sheriff Anthony Clark

as a defendant but reserved ruling on whether his dismissal should be with or without prejudice.

After due consideration of the parties' oral arguments, and as now explained, the court concludes

that the dismissal should be prejudicial.

## I.

In this Section 1983 action alleging excessive force by a Covington County deputy sheriff in

restraining the minor plaintiff who had reportedly threatened suicide at his residence, the complaint

as first amended (Doc.20) designated as defendants both the deputy and the Sheriff, not present

during the encounter.  For the Sheriff's alleged culpability, the Complaint specified  the following

facts:

> • Sheriff Anthony Clark was, at all times material hereto,  well aware of the violent,
> sadistic, and assaultive tendencies of Inabinett.  Clark was aware that retaining
> Inabinett as a deputy sheriff posed an unreasonable risk of harm to the members of
> the public with whom Inabinetet would certainly come into contact.   (¶ 40)

1

• Clark was deliberately indifferent to unreasonable risk of harm posed by the retention of Inabinett. (¶ 41)

• No reasonable law enforcement officer in Clark's position and possessed of the information known to Clark would have retained Inabinett as a deputy sheriff and permitted him to continue to carry weapons and a badge. (¶ 42)

• The harm suffered by N.A and Janet was precisely the sort of risk to which Clark was deliberately indifferent.

These facts alone form the basis of the § 1983 claim against Sheriff Clark in Count III, alleging his status as "the decision maker for the Sheriff's Department of Covington County, Alabama" (¶ 71); that he is charged with "developing and promulgating policies governing the operations of his office", "all decisions regarding hiring and retention of deputies under his supervision", [and] "proper training and equipping of deputies under his supervision" (¶¶ 72-74); and, in connection with Deputy Inabinett's purportedly wrongful conduct, charging him with liability arising from alleged deliberate indifference with respect to hiring, training, and retaining the deputy. (¶¶ 75-80)

In a motion for dismissal (Doc 7) of the original complaint – which contained the same factual allegations and legal claims – Defendants asserted their entitlement to qualified immunity, and argued in relevant part:[1]

> [A] supervisor may be held liable under 1983 only when he directly participates in a violation of a plaintiff's federally protected rights or where the supervisor's actions directly cause the violation. *[citing Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990)]

---

[1] Defendants assumed *arguendo* a finding that Deputy Inabinett violated the Plaintiffs' rights but maintained vigorously that he did not. *See Defs.' Mem. Br.*, n.4 at 10, citing *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (setting an 'extremely rigorous' standard for supervisory responsibility in requiring the existence of a causal connection between the actions of the supervising official and constitutional violations committed by subordinates).

***

 The only "facts" alleged by the Plaintiffs to support their hiring/retention claim against Sheriff Clark is a single incident of alleged excessive force in [another] case. ... [W]ith respect to this one incident, Sheriff Clark can only be charged with knowing that an incident occurred in which a criminal grand jury found insufficient evidence existed of unlawful conduct to even warrant an indictment.  There are no facts whatsoever alleged in the complaint with respect to anything Sheriff Clark knew about Deputy Inabinett before he hired him.

The allegations in the Complaint are insufficient as a matter of law to demonstrate that Sheriff Clark was deliberately indifferent to a risk of harm posed by Deputy Inabinett. *** The Plaintiff has not alleged any facts whatsoever indicating what Deputy Inabinett's history was prior to his hiring.

*Defs. Mem. Br.* (Doc 8) at 9-11.

Plaintiffs responded as follows to Sheriff Clark's assertion of qualified immunity:

The plaintiffs cannot provide specific enough information relevant to the hiring, supervision, training of Deputy Inabinett by the Sheriff Anthony Clark.  To this end Plaintiffs concede the issue.  However, Plaintiffs seek to reserve their right to amend the complaint re-adding Sheriff Clark should discovery reveal that Sheriff Clark negligently or willfully trained, supervised or maintained the employment of Deputy Inabinett.

*Pls.' Resp. To Motion to Dismiss* at 5 (Doc 10)   Thereafter, Plaintiffs did not designate the Sheriff as a defendant in their amended complaints (*see* Docs. 20 -26)

## II.

The court readily concurs with Defendants' argument that the fundamental purpose of qualified immunity is wholly defeated if a plaintiff is allowed to continue discovery with a view to re-designating a party whose dismissal has been granted on an undisputed showing of his qualified immunity from the lawsuit.  Having prevailed on his Fed.R.Civ.P. 12(b)(6) motion, asserted solely on the grounds of his immunity from suit, Sheriff Clark properly claims all the protections of that

immunity, including the avoidance of costs and inconvenience of involvement as a party in the same lawsuit at any time. A Rule 12(b)(6) dismissal summarily terminates cases on their merits, and it is presumed to be with prejudice and a claim preclusive effect.[2]   Accordingly, courts generally disfavor such motions unless the complaint sets forth facts showing that qualified immunity applies or,  as in this case, plaintiff concedes that he cannot support even the indisputably conclusory facts averred.[3]

   "Unless the Plaintiff's allegations state a claim of violation of clearly established law, a Defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).


   Pursuant to the foregoing facts and reasoning,   it is now

   **ORDERED** that the *Order*  (Doc. 25) granting Defendants' Motion to Dismiss (Doc. 22) to the extent of its request for dismissal of Defendant Sheriff Anthony Clark, is now supplemented to enter such dismissal  WITH PREJUDICE.


   Done this 27TH  day of January , 2006.

                         **/s/ Delores R. Boyd**
                         DELORES R. BOYD
                         UNITED STATES MAGISTRATE JUDGE

---

   [2]*See 2 Moore's Federal Practice*, § 12.34[6][a] (Matthew Bender 3d ed.); *NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) (Supreme Court has clearly stated that "the dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'").

   [3]*See, e.g., Williams v. Alabama State Univ.,* 102 F.3d 1179, 1189 (11th Cir. 1997) (motion to dismiss proper on grounds of qualified immunity for defendants in § 1983 civil rights action when former professor's complaint alleging retaliatory firing for criticizing textbook written by superior failed to allege violation of established constitutional right).