IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| N.A., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:05-cv-740-B |
| ) | |
| DEPUTY CHRIS INABINETT, et al., ) | |
| ) | |
|     Defendants. ) | |

## ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW Covington County Deputy Sheriff Chris Inabinett and answers the Plaintiff's Second Amended Complaint as follows:

### JURISDICTION AND VENUE

1. This paragraph does not appear to require a response from this Defendant. However, to the extent the allegations and inferences therein can be construed as imposing liability on this Defendant, the same are denied.

2. Denied.

### PARTIES

3. Upon information and belief, admitted.

4. In light of the Court's February 7, 2006 Order, no response to this paragraph is necessary.

5. Deputy Inabinett admits that he is a natural person over the age of 19 years and was at all times relevant a Covington County deputy sheriff. Deputy Inabinett denies the remaining allegations and inferences contained in this paragraph.

### NATURE OF PROCEEDINGS

6. This paragraph does not appear to require a response from this Defendant.

1

However, to the extent the allegations and inferences therein can be construed as imposing liability on this Defendant, the same are denied.

## FACTS

7. This paragraph does not require further response from this Defendant.

8. Upon information and belief, Deputy Inabinett admits that N.A. is a "troubled young man with a diagnosed history of mental illness and instability". Deputy Inabinett does not have sufficient information to admit or deny the remaining allegations in this paragraph.

9. Admitted.

10. Admitted.

11. Upon information and belief, admitted.

12. Deputy Inabinett admits that Janet Ainsworth is N.A.'s mother and called Covington County 911. All other allegations and inferences are denied.

13. Admitted.

14. Admitted.

15. It is admitted that Red Level officer David Anderson was the first officer to arrive at the Plaintiff's home. All other allegations and inferences contained in this paragraph are denied.

16. Upon information and belief, admitted.

17. Deputy Inabinett denies that N.A. stopped attempting to hurt himself when Officer Anderson arrived and any time thereafter. Deputy Inabinett admits, upon information and belief, the remaining allegations of this paragraph.

18. Denied.

19. Upon information and belief, admitted.

20. Admitted.

21. Denied.

22. Denied.

23. Deputy Inabinett admits rushing into N.A.'s room. Deputy Inabinett denies the remaining allegations and inferences contained in this paragraph.

24. Deputy Inabinett admits to striking the Plaintiff twice in the left arm at a pressure point in an attempt to get the Plaintiff to release his grip on the headboard. The remaining allegations and inferences contained in this paragraph are denied.

25. Denied.

26. Denied.

27. Denied.

28. Deputy Inabinett admits firing the Taser at the Plaintiff. Deputy Inabinett denies the remaining allegations and inferences contained in this paragraph.

29. Deputy Inabinett admits that the probes fired by a Taser are propelled by nitrogen gas at 1,800 pounds per square inch. It is further admitted that the probes are designed to make contact with the target and carry an electrical charge. It is further admitted that the probes fired into the Plaintiff punctured the Plaintiff's skin. All other allegations and inferences contained in this paragraph are denied.

30. Deputy Inabinett admits that the Plaintiff was immobilized by a single five second discharge. All other allegations and inferences contained in this paragraph are denied.

31. Denied.

32. Admitted.

33. Deputy Inabinett admits he stated that the Plaintiff was going to jail and the charges the Plaintiff was facing. All other allegations and inferences contained in this paragraph are denied.

34. Upon information and belief, admitted.

35. Admitted.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## CAUSES OF ACTION

43. This paragraph does not require further response from this Defendant.

### COUNT I – 42 U.S.C. § 1983 – UNREASONABLE FORCE AGAINST JANET

44-54. In light of the Court's February 7, 2006 Order, no response to these paragraphs is necessary. However, to the extent the allegations and inferences contained therein can be construed as imposing liability on Deputy Inabinett, the same are denied.

### COUNT II – 42 U.S.C. § 1983 – UNREASONABLE FORCE AGAINST N.A.

55. Admitted.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. This paragraph states a legal conclusion and requires no response from Deputy Inabinett..

61. This paragraph states a legal conclusion and requires no response from Deputy

Inabinett.

62.  This paragraph states a legal conclusion and requires no response from Deputy Inabinett.

63.  Denied.

64.  Denied.

65.  Denied.

## PRAYER FOR RELIEF

Deputy Inabinett denies that the Plaintiff is entitled to any relief requested in his Second Amended Complaint.

## AFFIRMATIVE DEFENSES

1.  The Second Amended Complaint fails to state a claim against Deputy Inabinett upon which relief may be granted.

2.  In his individual capacity, Deputy Inabinett is entitled to qualified immunity from the Plaintiff's federal claims.

3.  Deputy Inabinett reserves the right to amend this Answer to add additional affirmative defenses as discovery progresses.

Respectfully submitted this 24th day of February, 2006.

                                                              **s/Gary L. Willford, Jr.**
DARYL L. MASTERS Bar Number:  MAS018
GARY L. WILLFORD, JR. Bar Number:  WIL198
Attorneys for Defendants
WEBB & ELEY, P.C.
7475 Halcyon Pointe Road
Post Office Box 240909
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889
E-mail:  gwillford@webbeley.com

5

**CERTIFICATE OF SERVICE**

     I hereby certify that on this the 24th day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Jay Brady Lewis, Esq., Keith Anderson Nelms, Esq., and James H. Pike, Esq.**

                                   **s/Gary L. Willford, Jr.**
                                   OF COUNSEL