# EXHIBIT P

**Psychological Specialties Forensic Evaluation Report for Christopher "Neal" Ainsworth dated 4/19/06**



# PSYCHOLOGICAL SPECIALTIES

**Doug McKeown, Ph.D.**
Clinical and Forensic Psychology
Alabama Lic # 224
Florida Lic # 2422

## FORENSIC EVALUATION REPORT

Christopher "Neal" Ainsworth
Date of Evaluation: 4/19/06

DOB: 6/07/89
SSN: 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

**DATE OF REPORT: 4/20/06**

**REFERRAL INFORMATION:** Neal Ainsworth is a 16-year-old, single, white male referred by the Circuit Court of Covington County for an outpatient evaluation of Competency to Stand Trial and  Mental State at the Time of the Offense.  The current case associates with Case Number DC-2006-148 which is identified as Assault, Second. The order for assessment is signed by the Honorable Ashley McKathan, Covington County Circuit Court Judge and the order is entered into the court record on April 3, 2006.

**NOTIFICATION:** Prior to beginning the assessment the Defendant was provided information related to matters of Competency to Stand Trial and Mental State at the Time of the Offense.  He was informed that limited confidentiality existed but that no information would be utilized in a self incriminating fashion.  The Defendant was further informed that a written report would be prepared for the Circuit Court with copies provided to prosecution and defense counsel and that oral testimony could be provided if the court deemed appropriate.

The Defendant was agreeable to participate in the current assessment and acknowledged by signing and dating the notification form.

**SUMMARY OF OFFENSES:** The Defendant is alleged to have assaulted a victim identified as his younger brother with a knife on or about January 10, 2006 and the events occurred at 5825 Sweatt Lane in Red Level, Alabama.

**DATA SOURCES:** Information to assist in the current assessment includes information provided from the office of the District Attorney in Covington County and includes copies of the Alabama Incident Offense Report and a narrative summary as well as copies Covington County Sheriff's  Department case notes.  Additional information is obtained from performing the Wechsler Adult Intelligence Scale-III and the Wide Range Achievement Test-R.  The mother provides information from the Defendant's previous hospitalizations at Laurel Oaks for admissions in January and July of 2005.

The Defendant is seen for a mental status examination and to obtain clinical, social, psychological, educational, occupational, medical, background history and information. The Competency to Stand Trial Assessment Instrument is also utilized.

## CONSULTATION ▪ EVALUATION ▪ INTERVENTION
114 E. Troy St./ Post Office Box 6216 / Dothan, Alabama 36303
Phone (334) 671-5577 / Telecopier (334) 673-7247



DEFENDANT'S EXHIBIT

7

Christopher "Neal" Ainsworth
Page 2

**BACKGROUND INFORMATION:** Neal Ainsworth is charged with Assault, Second Degree in  Covington County.

The Defendant reports he was born in Enterprise, Alabama and the family lived there until they moved to Andalusia when he was about eight or nine years old.  He reports he was raised by his mother who is 37-years-old and currently disabled due to problems with her shoulder and back and also because she has a mental health history.  The natural father is 61-years-old and has worked as a truck driver and also he is retired from the military and he has had back surgery.  There is a 15-year-old brother and a 20-year-old brother that had been living in the household in the past.  Since December of 2005, the Defendant has been living with his grandmother and grandfather in McKenzie, Alabama.  He has had particular difficulty in getting along with his younger brother and there is a long history of family related conflict and difficulties.  Neal last participated in the eighth grade at Red Level High School and he reports that he repeated the eighth grade on two previous occasions and also kindergarten.  He indicates he quit school because he was having difficulty getting along and also was not progressing.  He reports he can read and write somewhat and he indicates he does have a plan to work on a GED.  He indicates he has never been married and has no children and in fact indicates he has never been sexually active.  He has never been in the military and he reports no previous work history.  Apparently he was placed on Social Security disability at the end of last year as a result of his behavior and conduct problems and also because he carried a diagnosis of a Bipolar Disorder.  Neal denies the use of alcohol and drugs.  He reports he has had two or three suicide attempts and indicates his last suicide attempt resulted with his putting a belt around his neck and threatening to kill himself and this resulted in a hospital admission.  There are no indications of any major medical problems or difficulties but he has had some problems with asthma in the past.  There is no indication of any surgical interventions.  His current medications include Cleocin, Seroquel 350 mg a day, Ritalin 20 mg a day, and Cogentin 2 mg a day.  He has previously been treated with Zoloft in the past.

Neal indicates a previous history of legal charges associated with domestic violence which related to a conflict between he and his mother and the current charges relate to an assault issue where he cut his brother with a knife.  He reports he has been involved with the Juvenile Probation Department and he has been to the Diversion Center on two or three occasions because of acting out behavior in the past.  He indicates previous hospitalizations at Laurel Oaks and apparently there are at least three documented placements at Laurel Oaks related to behavior and conduct difficulties and possible bipolar symptoms.  The last hospitalization apparently was in July of 2005.  He has been followed more recently through the mental health clinic in Andalusia and reportedly has been maintained on medication.  His previous domestic violence charge had resulted in probation which he reports is now over and he is waiting the outcome from the current charges.  He indicates he is currently being charged in adult court and the mother indicates that the reason for this is because she has a lawsuit against the Sheriff's Department because of physical assault on Neal which occurred during a resisting arrest and domestic violence issue.  The mother indicates that he has had some seizures in the past but there is no indication of an actual seizure disorder.

Christopher "Neal" Ainsworth
Page 3

Apparently he has taken Depakote in the past but no documentation for a seizure disorder are noted.

**CLINICAL ASSESSMENT:** Neal Ainsworth is a 16-year-old, single, white male who is seen on April 19, 2006 in a consultation room in the office of the examiner at 114 East Troy Street in Dothan, Alabama. He is accompanied to the evaluation by his mother and father who arrive for the assessment appointment over two hours before the designated time. Neal is attired in denim shorts and a Polo style shirt with blue jeans and he demonstrates adequate grooming and personal hygiene. He does appear to have some difficulties with juvenile acne and he wears a shell necklace with a watch and reports he has one tattoo on his right wrist which are his initials. He reports he is 5'6" tall and weighs 155 pounds. His general attitude and demeanor is one of cooperation but he is quite concrete. No specific indication of a memory disorder are noted but he does have difficulty in remembering details and gives examples which most specifically relate to not being able to follow up on directions that he is given to complete tasks in the home and school environment. He is basically oriented to time, person, place, and situation. He could identify the month and year but not the specific date.

For concentration and attention, he demonstrated the ability to repeat four digits forward and reverse four digits.

For fund of information, he was asked information about environmental situations and issues and he could identify the current President of the United States but not the former President, Alabama Governor, or local Mayor. He was aware of basic information related to his birthdate and his home address and telephone number. He could indicate the colors in the American flag and the use for a thermometer. He could not identify the Alabama state capitol nor the author of the literary work Hamlet. He was able to indicate that Martin Luther King Jr. was famous because "he had a dream." He was aware of the number of days in a week and months in a year but not the number of weeks in a year or days in a year.

For abstract reasoning, he was asked to provide similarities between items and he indicated that an orange and a banana were vegetables and a dog and a lion were animals. He could indicate no similarities between a boat and a car and ice and steam.

For judgement and insight, he was asked questions about environmental issues and situations and he indicated that if he found an envelope on the street that was sealed, addressed, and had a new stamp on it that he would throw it away. If he were in a movie theater when a fire broke out he reports he would run. If he were lost in the woods in the daytime he reports he would just walk and hopefully he would find a road.

Intellectually, the Defendant appears to be functioning below average likely in the borderline range and he is quite concrete.

Speech productivity is somewhat reduced with a slow flow and monotone presentation but he is basically coherent. Thought style suggests normal productivity with logical but quite concrete structure. He reports a history of two or three suicide attempts and a

Christopher "Neal" Ainsworth
Page 4

number of hospitalizations. He does report rather vague hallucinatory experiences indicating that he has heard good things in one ear and bad things in the other ear and this usually occurs when he is in some type of conflict or when he is mad. No specific indications of a delusional component are noted.

Motor activity level is considered normal with some eye contact and no specifically inappropriate mannerisms or gestures. His facial expressions are generally appropriate to the content of his communication. He reports difficulties with depression and relates this mainly to the fact that he gets mad easily and upset particularly with family members and also when people make fun of him.

**TESTS RESULTS:** The Wechsler Adult Intelligence Scale-III was completed with this young man and he obtained overall a Verbal IQ of 69, a Performance IQ of 70, and a Full scale IQ of 67 which would place him in the upper end of the mild range of mental retardation. This young man was quite concrete and the current assessment is considered to be a valid estimate of his functioning ability. He is particularly low with regard to psychomotor speed in completing and learning new information and a weakness is also seen on numerical reasoning. His highest area of strength is with regard to visual abstract problem solving. There is not an indication of a specific learning dysfunction nor an attention deficit disorder and the current assessment would reflect a young man that would be in need of special education services.

The Wide Range Achievement Test completed with this young man indicates he is reading for word recognition at a beginning of sixth grade level, spelling at an end of fifth grade level, and performing numerical computations at a beginning of fifth grade level. These scores are far below expectation based on chronological age and also based on the actual grade that he should have completed. He is behind his actual grade completion as well. His scores are somewhat above expectation compared to his current measured ability and would reflect a young man with limited levels for reading, writing and numerical computations.

**DIAGNOSTIC IMPRESSION:** Neal Ainsworth is a 16-year-old, single, white male who has a history of involvement with the Juvenile Justice System and also involvement with Laurel Oaks psychiatric facility. He has had a number of difficulties with behavior and conduct problems at the home and school and it is quite unusual that he has never been referred for treatment through the Department of Youth Services which would have been quite appropriate. No current indications are seen for a thought disturbance and his report of hallucinatory experiences are not consistent with general auditory or visual hallucinations. He does demonstrate significant behavior and conduct issues with a history of acting out and impulse control.

Diagnostically, he demonstrates:

1 - Mild Mental Retardation with adaptive functioning in the borderline range.
2 - Conduct Disorder.
3 - History of Oppositional Defiant Disorder.
4 - Rule out Impulse Control Disorder.

Christopher "Neal" Ainsworth
Page 5

## FORENSIC ASSESSMENT

### COMPETENCY TO STAND TRIAL:

Rule 11.1 of the Alabama Rules of Criminal Procedure (ARCP) states that "A defendant is mentally incompetent to stand trial or to be sentenced for an offense if that defendant lacks sufficient present ability to assist in his or her defense by consulting with counsel with a reasonable degree of rational understanding of the facts and the legal proceedings against the defendant."

The Competency to Stand Trial Instrument is a thirteen item assessment tool utilized to assist in determining a Defendant's capacity for participation, reasoning, appreciation and understanding of the judicial process, as well as addressing the potential for behavior or emotional difficulties in the courtroom. Evaluation of the Defendant's appreciation of the charges as well as the potential outcome and consequences for the alleged offense are addressed. Appraisal of the role of participants in a judicial proceeding are addressed. The instrument addresses an understanding of court procedure as well as the capacity of the Defendant to disclose pertinent information to legal counsel and assist in developing a legal defense. The instrument assists in evaluating the ability to develop a legal strategy, challenging prosecution witnesses, and testifying in a relevant fashion. Also addressed is the ability to interact with defense counsel in an appropriate fashion and assist defense counsel. The assessment includes evaluating the potential for self defeating and self serving motivation as well as the possibility of unmanageable behavior in the courtroom.

The Defendant provides information indicating a generally reasonable comprehension and appreciation of the current charges against him and the consequences for a conviction which could result in continued probation in the Juvenile System or even possible placement out of the home. He does have some significant difficulty in appraising a potential outcome. The Defendant is asked information about the role of participants in a judicial proceeding and he was aware that a judge was the individual in court that made a ruling and a jury was a group of people that sit down and listen to what they can hear and then tell the judge so he knows what decision to make. He was aware that he would be the Defendant but it did require some degree of interaction and explanation. He is aware that witnesses testify about what they have seen. He is aware that the defense attorney is the individual that stands up for him and that the District Attorney is the individual that brings charges.

The Defendant has a limited but rudimentary understanding and appreciation of court procedure and behavior understanding that in the courtroom he should act normal and not cause problems. He is fully aware that all the legal issue should be handled by his defense attorney. He did appear to understand that he would not have to testify in court once that was discussed with him. He demonstrates at this time a reasonable ability to provide information about his behavior, actions, motivations, and mental state at the time of the alleged events. He has some ability for comprehending available legal defenses understanding the consequences for a guilty and not guilty plea and he appeared to understand a mental state defense when that was discussed with him. It was required that an explanation of legal strategies such as a plea bargain be explained

Christopher "Neal" Ainsworth
Page 6

to him but he appeared to comprehend that when it was discussed with him. Based on current interaction, there does not appear to be a likelihood of unmanageable behavior in the courtroom and he is considered capable of testifying in a relevant fashion at a basic and rudimentary level if the need arises. It should be kept in mind that while his chronological age is 16-years-old that his ability testing would reflect that he is probably three years behind with regard to actual comprehension and understanding.

This examiner is of the opinion that the Defendant at a rudimentary and basic level would be capable of interacting with defense counsel and assuming the role of a Defendant in a judicial proceeding. He will require simplified and patient explanation regarding judicial matters and issues.

## MENTAL STATE AT THE TIME OF THE OFFENSE:

Section 13A-3-1(a) of the Alabama Criminal Code states that with regard to a mental state defense, "at the time of the commission of the acts constituting the offense, the defendant, as a result of severe mental disease or defect, was unable to appreciate the nature and quality or wrongfulness of his acts."

The Defendant is charged with assault on his younger brother with a knife in Covington County.

The Defendant indicates that on the day in question he had been arguing with his brother and that he was in the kitchen cutting a banana to make a sandwich and that he and his brother were arguing and his mother told him to go into the back of the house. He indicates that his brother walked by and that he inadvertently swung the knife and cut the brother but that he did not intend to hurt him. He indicates that he ended up at the Diversion Center for one day and then jail for 72 hours before he was released to his grandmother's house where he currently resides.

All in all, the Defendant is able to provide information about his activities, behaviors, and events associated with the current charges and also reports an ability to understand and comprehend right and wrong behavior. He demonstrates at this time an understanding of the events and activities at the time of the alleged offense and is considered to have been capable of conforming his behavior in an appropriate fashion at that time if he so chose.

## SUMMARY, CONCLUSIONS, AND RECOMMENDATIONS: Neal Ainsworth is a 16-year-old, single, white male referred by the Circuit Court of Covington County for an outpatient evaluation of Competency to Stand Trial and Mental State at the Time of the Offense. He is currently being considered in the adult court and the issues associate with an assault charge.

The Defendant has a history of behavior and conduct problems and previous hospitalizations. No indications of a major thought disturbance or bipolar disorder are noted at this time but he does demonstrate symptoms that would be consistent with a conduct disorder and oppositional traits. Of particular concern, would be his cognitive limitations which would indicate that he likely is functioning socially and intellectually

Christopher "Neal" Ainsworth
Page 7

approximately three years below his actual chronological age. This young man would be an appropriate referral for the Department of Youth Services and surprisingly he has never been considered for any juvenile placements or other programs associated with the Department of Youth Services. He has had a history of treatment at Laurel Oaks.

 This examiner is of the opinion that the Defendant is concrete and limited but that he does possess at least a rudimentary and basic understanding of the judicial process at a level commensurate with his chronological and cognitive functioning level. He also reports a capacity for comprehending appropriate and inappropriate behavior that would reflect an ability to have maintained the capacity for appropriate judgment and decision making at the time of the alleged events.

Due to this young man's significant level of limitations and functioning, it would be quite appropriate for consideration of placement through the Department of Youth Services.

Assessments of Competency to Stand Trial and Mental State at the Time of the Offense are issues ultimately to be determined by the Circuit Court and the current opinions are provided in an advisory capacity. This examiner would be available for additional input and testimony as deemed appropriate by the court.

Doug McKeown, Ph.D.
Licensed Clinical Psychologist
Certified Forensic Examiner